# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**HARLAN EDWARD McINTOSH**                                          **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 1:10CV-P79-M**

**GENE FERRALL** *et al.*                                              **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for protection and safety (DN 31). Plaintiff alleges that this action involves Ms. Jessica Jones, who has two family members (Barry and Larry Jones) housed at the Luther Luckett Correctional Complex (LLCC), where Plaintiff is housed. He claims that these family members have made threats on his life and safety if he continues with this action and advises that he has a handwritten note "that is clearly from one of the Joneses and when it can be copied he will make it availible to the Defendants." Plaintiff, therefore, asks the Court to ask the LLCC Warden to keep Plaintiff safe from the family members of Jessica Jones.

The Court construes Plaintiff's motion for protection and safety as a motion for preliminary injunction. "[A] preliminary injunction is an injunction that is issued to protect [a] plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits." 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2947 (2008). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper."

*Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). They are:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005).

Plaintiff fails to meet his burden of proving the circumstances demand the relief requested. First, the action is against the Clinton County Jailer and a deputy jailer, not Jessica Jones,[1] her family, or anyone from LLCC.

Second, Plaintiff's allegations are vague and non-specific as he only broadly alleges that he has been threatened. "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

Third, Plaintiff fails to establish irreparable harm as he fails to allege an actual, viable, presently existing threat of serious harm. *Massachusetts Coalition of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparedness of the Commonwealth of Massachusetts*, 649 F.2d 71, 74 (1st Cir. 1981). The plaintiff must show injury that is not remote or speculative, but is actual and imminent. *United States v. W. T. Grant Co.,* 345 U.S. 629, 633 (1953). The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm. *See Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff has not met this imminence standard.

---

[1] Although unclear, Ms. Jones may be the unnamed female inmate in the complaint who allegedly assaulted Plaintiff.

For these reasons, **IT IS ORDERED** that the motion for protection and safety (DN 31) is **DENIED**.

Although Plaintiff has not demonstrated that the relief sought is appropriate under the instant circumstances, should he so choose, he may file a new action against those allegedly responsible for his complaints at LLCC following exhaustion of available administrative remedies. The Clerk of Court is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 packet. Further, if he has not done so already, Plaintiff should (as should any prisoner) report threats to the appropriate LLCC official(s).

Date:

cc: Plaintiff, *pro se*
 Counsel of record
 LLCC Warden Clark Taylor, Dawkins Rd., Box 6, LaGrange, KY 40031
4414.005